# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PAUL R. JAMES, JR.,

        Plaintiff,

v.

SERGEANT DIAL, SERGEANT RIDGE, and OFFICER MAHNKE,

        Defendants.

Case No. 3:24-cv-00221-SLG

## ORDER RE COMPLAINT DEFICIENCY

On October 11, 2024, self-represented prisoner Paul R. James, Jr. ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff claims Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment on or about August 4, 2024, and September 23, 2024, by refusing to move him to another cell even though his cellmate was threatening him. He also claims he is being retaliated against for filing Requests for Information ("RFIs") and for stating he intends to file a civil lawsuit. For relief, Plaintiff seeks $100,000 in damages and $150,000 in punitive damages.[2]

---

[1] Dockets 1-3.

[2] Docket 1 at 8.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[3] The Court also takes judicial notice[4] of Plaintiff's other cases filed in this court, *James v. Corragein, et al.*,[5] *James v. Case, et al.*,[6] *James v. Official's Bethel Jail, et al.*,[7] and *James v. State of Alaska*,[8] *James v. Goose Creek Correctional Center & DOC*,[9] *James v. Mun, et al.*,[10] and *James v. Wuya, et al.*[11]

---

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[4] A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[5] Case No. 3:19-cv-198-RRB, Docket 7 (dismissed because defendants are immune from suit, and his claims are barred by *Heck v. Humphrey*).

[6] Case No. 3:16-cv-126-RRB, Docket 3 at 4 (dismissed for lack of subject matter jurisdiction).

[7] Case No. 3:22-cv-269-JMK, Docket 8 (**dismissed for failure to state a claim with notice of strike**).

[8] Case No. 3:22-cv-246-JMK, Docket 5 (**dismissed for failure to state a claim upon which relief may be granted** and because named defendant immune from suit).

[9] Case No. 3:23-cv-00156-SLG, Docket 5 (voluntarily dismissed by Plaintiff after the Court notified him of its intent to dismiss for violating Rule 8 of the Federal Rules of Civil Procedure, failing to state a claim upon which relief may be granted, and naming state entities that are immune from suit as defendants).

[10] Case No. 3:24-cv-00092-SLG, Dockets 6-7, 10 (voluntarily dismissed by Plaintiff after the Court issued a screening order dismissing the Complaint for failing to state a claim for which relief may be granted).

[11] Case No. 3:24-cv-00170-SLG, Dockets 7-9 (voluntarily dismissed by Plaintiff after the Court issued a screening order dismissing the Complaint for failing to state a claim for which relief may be granted).

Rule 11 of the Federal Rules of Civil Procedure requires that in any pleading filed with the Court, the attorney or unrepresented party filing the document "certifies that to the best of the person's knowledge" "the factual contentions have evidentiary support." On page 6 of Mr. James's Complaint, he checked "no" in response to the question, "Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?" On page 7 of the Complaint, he did not identify any case that this Court has dismissed for failure to state a claim. And on page 9 of the Complaint, Mr. James signed a declaration "under penalty of perjury" that "all of the information contained in the complaint is true and correct."[12]

Mr. James has been notified in two of his cases filed in this Court that the case was dismissed for failure to state a claim, Case No. 3:22-cv-00269 and Case No. 3:22-cv-00246, but he did not check the correct box on page 6 nor did he identify either case on page 7 of his Complaint filed in this case. Therefore, the Complaint is DISMISSED. However, Mr. James may file an amended complaint that corrects his response to question 3 on page 6 of the Complaint and identifies each case that has been dismissed for failure to state a claim on page 7. Plaintiff is accorded **60 days** to file an amended complaint that corrects this deficiency in the Complaint.

---

[12] Perjury is a Class B felony under Alaska law and carries a maximum term of imprisonment of up to 10 years. Alaska Stat. §11.56.200.

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Order re Complaint Deficiency
Page 3 of 7
Case 3:24-cv-00221-SLG    Document 5    Filed 02/11/25    Page 3 of 7

Although Plaintiff is being given an opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

## The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[13] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[14] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that he "is under imminent danger of serious physical injury" at the time of filing his complaint.[15] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[16] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[17] In addition

---

[13] 28 U.S.C.A. § 1915(g).

[14] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[15] 28 U.S.C. § 1915(g).

[16] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[17] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Order re Complaint Deficiency
Page 4 of 7
Case 3:24-cv-00221-SLG   Document 5   Filed 02/11/25   Page 4 of 7

to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[18]

Mr. James was notified that he received one strike in Case No. 3:22-cv-00269. He is now notified that he is receiving another strike for Case No. 3:22-cv-00246, which was also dismissed for failure to state a claim for relief. If the amended complaint is dismissed as frivolous, malicious, or for failure to state a claim and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which will limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiency identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

---

[18] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus requirement between the alleged imminent danger and the violations of law alleged in the complaint for imminent danger exception to the PLRA three-strikes provision).

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

5. Plaintiff is advised that federal law only allows the Court to waive a prisoner's prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[19] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection for the filing fee.

6. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[20] Failure to comply may result in dismissal of this action.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all

---

[19] 28 U.S.C. § 1915(b)(1)&(2).

[20] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Order re Complaint Deficiency
Page 6 of 7
Case 3:24-cv-00221-SLG   Document 5   Filed 02/11/25   Page 6 of 7

Court orders.[21]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[22]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

9. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 11th day of February, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[21]  Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[22]  *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Order re Complaint Deficiency
Page 7 of 7
Case 3:24-cv-00221-SLG   Document 5   Filed 02/11/25   Page 7 of 7