IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL R. JAMES, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT DIAL, SERGEANT RIDGE, and OFFICER MAHNKE,<br><br>　　　　　Defendants. | Case No. 3:24-cv-00221-SLG |

### SCREENING ORDER

On February 11, 2025, the Court issued an order dismissing the complaint filed by self-represented prisoner Paul R. James, Jr. ("Plaintiff") as deficient because the Complaint—signed under penalty of perjury—incorrectly stated that Plaintiff had not filed any actions in federal court that were dismissed because as frivolous, malicious, or for failure to state a claim upon which relief could be granted.[1] On March 12, 2025, self-represented prisoner Plaintiff filed a First Amended Complaint ("FAC") restating his claims and identifying his previously dismissed cases.[2] Plaintiff filed several additional documents with the FAC,[3] and on April 22, 2025, Plaintiff wrote a letter to the Court.[4]

---

[1] Docket 5.

[2] Docket 6.

[3] Dockets 7-9.

[4] Docket 10.

The Court has now screened the FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The FAC provides slightly different timelines and supporting facts from the original complaint,[5] but liberally construed, Plaintiff alleges repeated acts of retaliation or "revenge" against him for filing federal civil lawsuits by three correctional officers employed by the Alaska Department of Corrections ("DOC").[6] For relief, Plaintiff requests damages of $100,000 and punitive damages of $150,000.[7]

Upon review, the Court finds that the FAC fails to state sufficient facts that, accepted as true, would establish any plausible claim for relief. Although amendment is likely futile, Plaintiff is accorded **60 days** to file a Second Amended Complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

### I.   Plaintiff's additional filings

At Dockets 7 through 9, Plaintiff filed several affidavits and power of attorney documents that contain numerous incomplete or run-on sentences, references to unrelated legal authorities, and terminology that is not clearly connected to any

---

[5] For example, the FAC states the alleged events occurred in November, July, and August 2024 versus September and August 2024 in the original complaint.

[6] Docket 6.

[7] Docket 6 at 7.

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 2 of 17
Case 3:24-cv-00221-SLG    Document 11    Filed 08/11/25    Page 2 of 17

discernible legal theory.[8] Then, on April 22, 2025, the Court received a letter from Plaintiff addressed to the Clerk of Court that was dated February 25, 2025, that had attached to it many of the same documents included in Dockets 7 through 9.[9]

While the Court may act with leniency towards a self-represented litigant, Plaintiff is not excused from the rules that govern court proceedings.[10] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[11]

### A.  Plaintiff's Motion at Docket 9

At Docket 9, Plaintiff filed a motion for "Court Approval of certifications Regarding State of Alaska officials domestic support obligations, for sexual harassment, cruel and unusual punishment, and retaliation acts." The motion also mentions post-conviction relief, bankruptcy, and real property disputes.[12] The motion appears to request that copies of unspecified documents be sent to the U.S. Department of Justice in Washington D.C., an Alaska state trial court in

---

[8] Dockets 7-9.

[9] Docket 10.

[10] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.

[11]  Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[12] Docket 9 at 1-2.

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 3 of 17
Case 3:24-cv-00221-SLG     Document 11     Filed 08/11/25     Page 3 of 17

Bethel,[13] and the Alaska Supreme Court in Anchorage at public expense.[14] Attached to the motion are several power of attorney forms purporting to grant either a higher education attorney or the undersigned broad powers to take actions on Plaintiff's behalf in order to manage and conduct his affairs.[15] Plaintiff repeatedly mentions Rule 53(a) of the Federal Rules of Civil Procedure, which allows a federal court to appoint a special master—a neutral third party—to carry out certain duties in a case under specific circumstances not applicable to this case.

As with Plaintiff's previous filings, the motion at Docket 9 does not comply with the Federal Rules of Civil Procedure or the Local Civil Rules.[16] Plaintiff does not include a brief statement of the requested relief, or even clearly articulate a request for relief. Additionally, as Plaintiff has been repeatedly informed, a non-attorney plaintiff cannot pursue claims on behalf of anyone other than himself.[17]

---

[13] Both the Bethel Superior Court and the Bethel District Court are trial courts in the Alaska Court System.

[14] Docket 9 at 1.

[15] *See, e.g.,* Docket 9-1 at 2, 4, 6.

[16] *See* Fed. R. Civ. P. 7(b)(1) (("A request for a court order must ... state with particularity the grounds for seeking the order" and "state the relief sought."); Alaska Local Civil Rule 7.1(a) (requiring all written motions and oppositions to include "a brief statement" of the requested relief and supporting authorities); Local Civil Rule 7.5 (requiring all filings to be double-spaced, 13-point font, and have margins of at least 1 inch around all text).

[17] *See, e.g., James v. Mun, et al.,* Case No. 3:24-cv-00092-SLG, Docket 6 at 4 (explaining Plaintiff cannot bring claims on behalf of other individual prisoners and cannot represent a class of prisoners in a class action).

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 4 of 17
Case 3:24-cv-00221-SLG   Document 11   Filed 08/11/25   Page 4 of 17

To the extent Plaintiff is requesting certification of a class action, the motion at Docket 9 must be denied.

Regarding the power of attorney documents, the purpose and relevance of these filings are unclear to the Court. A federal court cannot act as an attorney for a self-represented litigant,[18] and it is not the Court's responsibility to review muddled, voluminous, or incoherent filings to determine what a plaintiff might be attempting to claim or request.[19]

To the extent Plaintiff seeks a court-appointed attorney to represent him in this case, this request must also be denied at this time. A litigant has no right to an appointed attorney in a federal civil action.[20] Further, although 28 U.S.C. § 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time.

For these reasons, Plaintiff's motion at Docket 9 is DENIED.

---

[18] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

[19] See *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (explaining courts need not "sort through a morass of irrelevancy to decide at [a party's] behest what claims he may or may not have stated"); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (complaint must be "sufficiently intelligible" for the court to assess legal viability).

[20] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 5 of 17
Case 3:24-cv-00221-SLG   Document 11   Filed 08/11/25   Page 5 of 17

### B. Plaintiff's Letter at Docket 10

Although Plaintiff has been informed that the Court is not required to accept noncompliant filings such as informal letters, notices, or other documents, at Docket 10 he wrote a letter to the Clerk of Court regarding the federal court cases he has brought against prison officials. Plaintiff again attaches many of the affidavits and powers of attorneys he previously filed. The purpose of the letter is not entirely clear. In it, Plaintiff appears to take issue with the Court's dismissals of his prior cases and collection of the filing fees. Plaintiff also seems to argue that he has been denied the right to appeal.

The Court responds to this letter as follows: (1) self-represented prisoner-plaintiffs are required to pay the Court's filing fee, which is nonrefundable, regardless of the outcome of the case;[21] (2) a district court is not required to grant a plaintiff leave to amend a complaint or an opportunity to file a voluntary dismissal prior to dismissing a case when "it is clear that the complaint is frivolous, malicious or fails to state a claim";[22] and (3) the District Court lacks the authority to interfere with or review the actions or decisions of the United States Court of Appeals for the Ninth Circuit.

**Plaintiff is further instructed not to file any additional letters in his pending federal court cases. All requests must be in the form of a motion.**

---

[21] 28 U.S.C. § 1915(b)(1)&(2).

[22] *Harris v. Mangum,* 863 F.3d 1133, 1143 (9th Cir. 2017).

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 6 of 17
Case 3:24-cv-00221-SLG   Document 11   Filed 08/11/25   Page 6 of 17

For nondispositive motions, Plaintiff should include a proposed order that sets forth the precise relief he is seeking. See Local Civil Rule 7.1(b).

## II. Screening Review of Plaintiff's First Amended Complaint

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[23] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[24]

In Claim 1, Plaintiff alleges that Sergeant Dial retaliated against him in November 2024 for filing administrative grievances and lawsuits against Goose Creek officials and the State of Alaska by failing to protect him from threats and refusing to move him to a safer location.[25] In Claim 2, Plaintiff alleges that Sergeant Ridge (previously identified as Sergeant Ridg) similarly retaliated against him in July 2024 by ignoring requests to move him for safety reasons, thereby threatening his life, all as alleged retaliation for Plaintiff's filing of a civil action against Goose

---

[23] 28 U.S.C. §§ 1915, 1915A.

[24] 28 U.S.C. § 1915(e)(2)(B).

[25] Docket 6 at 3.

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 7 of 17
Case 3:24-cv-00221-SLG   Document 11   Filed 08/11/25   Page 7 of 17

Creek officials in the past.[26] In Claim 3, Plaintiff alleges that in August 2024 Officer Mahnke retaliated against him by removing him from his room and his preferred bottom bunk—allegedly as forms of retaliation due to Plaintiff's legal actions against the State.[27] For each claim, Plaintiff alleges it violated his right to be free from cruel and unusual punishments.

### A. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[28] A complaint that is "verbose, confusing and conclusory" violates Rule 8.[29] Although the Court must construe complaints filed by self-represented plaintiffs filings liberally, it is not required to sift through disorganized or incoherent material to construct claims on a litigant's behalf.[30] A complaint may be dismissed under Rule 8 even if the court can "identify a few possible claims."[31] A complaint must give each defendant fair notice of what the

---

[26] Docket 6 at 4.

[27] Docket 6 at 5.

[28] Fed. R. Civ. P. 8(a)(2).

[29] *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

[30] *See Johnson v. United States*, 544 U.S. 295, 296 (2005); *Garfinkle v. Super. Ct. of Nev.,* 556 F.2d 1215, 1216 (9th Cir. 1977).

[31] *McHenry,* 84 F.3d at 1179.

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 8 of 17
Case 3:24-cv-00221-SLG    Document 11    Filed 08/11/25    Page 8 of 17

plaintiff's claim against that specific defendant is and the grounds upon which that claim rests.[32]

### B. Retaliation Claims

A prisoner may bring allegations of retaliation against his right to file grievances or access the courts under the First Amendment. To prevail on such a claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements for each defendant:

(1) the plaintiff was engaged in conduct protected under the First Amendment;

(2) the defendant took adverse action against the plaintiff;

(3) the defendant took adverse action against the plaintiff because of the plaintiff's protected conduct;

(4) the adverse action taken by the defendant chilled the plaintiff's exercise of his First Amendment rights; and

(5) the action taken by the defendant did not reasonably advance a legitimate correctional goal.[33]

Plaintiff has not alleged facts, that if accepted as true, support a plausible claim of retaliation under the First Amendment against any Defendant. Plaintiff has

---

[32] *Swierkiewicz v. Sorema* N. A., 534 U.S. 506, 512 (2002).

[33] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.11A (Particular Rights—First Amendment—Convicted Prisoner/Pretrial Detainee's Claim of Retaliation) and the cases cited therein.

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 9 of 17
Case 3:24-cv-00221-SLG    Document 11    Filed 08/11/25    Page 9 of 17

not demonstrated that his lawsuits or administrative grievances were the substantial or motivating factor behind a Defendant's conduct; nor does Plaintiff allege any facts that indicate his ability to access the Courts has been in any way chilled by a Defendant's alleged actions. To the contrary, Plaintiff's voluminous filings in federal court demonstrate his ready access to this forum.

Further, even if Plaintiff is not claiming that his First Amendment rights were violated by the alleged retaliation, claims of retaliatory actions by prison officials are legally frivolous unless the complaint implicates some right that exists under the federal Constitution.[34] And the nature of a retaliation claim requires that it be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions."[35] Prison officials have broad administrative and discretionary authority over the institutions they manage, and lawfully incarcerated persons retain only a narrow range of protected liberty interests.[36] In particular, prisoners do not have any constitutional right to choose where they are incarcerated or to be housed with a desirable or compatible

---

[34] *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

[35] *Canell v. Multnomah Cnty.,* 141 F. Supp. 2d 1046, 1059 (D. Or. 2001) (quoting *Adams v. Rice,* 40 F. 3d 72, 74 (4th Cir.1994)).

[36] *Hewitt v. Helms*, 459 U.S. 460 (1983), receded from on other grounds by *Sandin v. Conner,* 515 U.S. 472 (1995). *See also Bell v. Wolfish,* 441 U.S. 520, 547 (1979) ("Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

cellmate[37] or, absent medical necessity, a constitutional right to a lower bunk assignment.[38] Thus, even if Plaintiff could prove that a correctional officer was making undesirable cell and bunk assignments for Plaintiff because Plaintiff has been filing lawsuits against correctional officers, that would not entitle Plaintiff to recover Section 1983 damages from that officer under the Eighth Amendment or any other constitutional amendment.

For the foregoing reasons, Plaintiff has failed to state a plausible claim of retaliation in violation of his constitutional rights. Although allowing amendment is likely futile, the Court will grant leave to amend as to this claim.

### C. Eighth Amendment Failure-to-Protect Claim

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."[39] To state a failure-to-protect claim under the Eighth Amendment, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements for each defendant:

(1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

---

[37] *See Meachum v. Fano,* 427 U.S. 215, 224 (1976). *See also Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State.").

[38] *Akhtar v. Mesa*, 698 F.3d 1202 (9th Cir. 2012).

[39] *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 11 of 17
Case 3:24-cv-00221-SLG    Document 11    Filed 08/11/25    Page 11 of 17

> (2) those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) by not taking such measures, the defendant caused the plaintiff's injuries.[40]

A convicted prisoner must prove each individual defendant's subjective awareness of a risk of harm to prevail on a failure-to-protect claim under the Eighth Amendment against that Defendant. A defendant is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety."[41] Additionally, while a prisoner is not required to wait for an actual injury or a "tragic event" such as an assault to occur before seeking relief, he must plausibly allege facts, that if proven, would demonstrate he was exposed to a "substantial risk of serious harm."[42] A "substantial risk" of serious harm refers to a

---

[40] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.28 (Particular Rights—Eighth Amendment—Convicted Prisoner's Claim of Failure to Protect) and the cases cited therein.

[41] *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

[42] *Id.*

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 12 of 17
Case 3:24-cv-00221-SLG   Document 11   Filed 08/11/25   Page 12 of 17

risk that is not minimal or hypothetical, but rather the risk must pose a real danger to the prisoner's health or safety.[43]

Here, the FAC's vague, generalized assertions about each Defendant's alleged revenge does not meet the first element required to state a failure-to-protect claim, as Plaintiff gives no clear indication of what was the intentional decision that each Defendant made about Plaintiff's conditions of confinement. Nor do Plaintiff's vague assertions that he is unsafe, claims that there have verbal threats on his life, and references to his safety adequately allege that the intentional decision of a Defendant put Plaintiff at a substantial risk of suffering serious harm. Similarly, his claims that individuals are "looking at him like they want to attack him" or that he believes he might be assaulted are speculative. And Plaintiff has not set forth any allegations, that if proven true, would show that a reasonable officer in each Defendant's position would have appreciated the high degree of risk Plaintiff was subjected. Finally, Plaintiff has not pleaded any facts showing how each Defendant has caused him any injuries. For these reasons, Plaintiff has failed to state a failure-to-protect claim against any of the three named Defendants. Although amendment is likely futile, the Court grants Plaintiff leave to amend this claim.

---

[43] *Thomas v. Ponder*, 611 F.3d 1144, 1150–51 (9th Cir. 2010).

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 13 of 17
Case 3:24-cv-00221-SLG    Document 11    Filed 08/11/25    Page 13 of 17

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[44] A complaint must allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[45] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim must identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[46] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new claims against additional

---

[44] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[45] Fed. Rule Civ. Proc. 8(a)(2).

[46] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 14 of 17
Case 3:24-cv-00221-SLG    Document 11    Filed 08/11/25    Page 14 of 17

parties. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. Plaintiff must not attempt to bring claims on behalf of any other prisoner or a class of prisoners

If Plaintiff chooses to file a Second Amended Complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s) and enter an order for the collection of the filing fee. Plaintiff must not attempt to serve any Defendant until the Court so orders.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's First Amended Complaint at Docket 6 is DISMISSED.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>Second Amended Complaint</u>, in which Plaintiff revises his First Amended Complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 15 of 17
Case 3:24-cv-00221-SLG   Document 11   Filed 08/11/25   Page 15 of 17

U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[47] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

5. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

6. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[48] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

---

[47] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[48] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

7. With this order, the Clerk is directed to send: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Amended Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 11th day of August 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00221-SLG, *James v. Dial, et al.*
Screening Order
Page 17 of 17
Case 3:24-cv-00221-SLG   Document 11   Filed 08/11/25   Page 17 of 17